19-2106, District of Nebraska, United States v. Luther Gilmore Very well, Ms. Gill, we'll hear from you Thank you, your honors. May it please the court Arguing now on behalf of Luther Gilmore who was convicted after a trial of being a felon in possession of a firearm We're here because the jury instructions in his trial were confusing and they did not Ensure that the jury appropriately considered his theory of the defense Which was that he did not know that there was a firearm in the console the closed console in the minivan in which he was a passenger That's why he seeks reversal from this court Just a really quick review of the facts The minivan was stopped for failure to use a turn signal The driver and the owner of it was the and also the owner of the vehicle was a female companion of mr. Gilmore's Gilmore was a passenger and there was a child in the back seat The firearm was found in a closed In the closed center console between the two front seats After the officers searched for marijuana After Testimony and during the jury instructions conference Gilmore presented the court with a theory of defense instruction in which he asked which would focus the jury's attention on the defendants Claim that he didn't know about the firearm It was an accurate statement of the law in that a defendant cannot start to constructively possess an object unless he knows It's there. It was given at its in a timely manner and It was also supported by evidence and those are the three things that this court has said Must be those three requirements must be met to justify a theory of defense instruction so The fact that that was not given Initial instructions is one error, but then the jury came back and asked a question And it became clear that the jury was confused about this idea of constructive possession Counselor must interrupt. I must interrupt were they confused after the judge gave him a very plain answer Which I've rarely seen in years 30 years of being up here When the district court said yes Your honor. I think that in this case Matt that that was not a magic elixir I mean, yes, it said yes, that was a correct statement of the law. But again, it did not focus the jury on the theory of Defense which is what a theory defense instruction is entitled to do and it's Too far before we get too far away from that What about the Christie case? Doesn't the Christie case? I know it's 2011 case, but still doesn't it still state the law of this circuit? About theory of defense and and reconcile if there were loose ends in the previous law Well, it probably is the most complete case about theory of the defense instructions, but It says a couple of things. It says first of all as a general matter such an instruction should be given and That it shouldn't be general. It can be specific to the defendant's case And it says if you're looking at other jury instructions to see if it does the job what you have to do is look at whether not only they're accurate, but if they Ensure and this is the language from the opinion ensure that the jury appropriately considers the defense I would argue that in this case those those requirements or the Rest of the jury instructions did not meet that final requirement the jury that ensures that the jury appropriately considers the defense and Christie was an alibi defense and the court said, you know, it's a pretty simple Straightforward kind of defense most people understand it but when you're talking about a legal concept like constructive possession seems to me that that balance shifts and It puts more burden on the rest of the jury instructions to do the heavy lifting so Because the rest of the jury's instructions here in the judge gate here didn't really focus on the defense's theory There should be a different outcome from Christie This I would argue. Yes Well, I'll cut you off if you had another thought on that I can wait for my question, but Okay, well my point was going to be I think the more The closer case is Dewey the case in which The facts are very similar the same Your time is short the district judge here talked about Dooley a lot And he thought he was really following Dooley not just average following and he was really following it. What do you say to that? Well again, I say that That Dooley I mean obviously in this case the judge gave the answer that the judge and Dooley did not give Which is correct But again not necessarily enough when there's that extra step that the jury has to understand your specific theory So just because it you know, I understand that the court was probably trying to hit the right note with Julie in the background but under these circumstances that that wasn't enough because it there was confusion about the defense and Okay, I'm gonna ask my question now if I may it's a different topic Could you address the rehafe issue, please? And in particular, could you address? whether the Court of Appeals may consider evidence or information Outside of the trial record at either the third step or the fourth step of plane air analysis under Olano Yes, I Would like to say that obviously there's a rehafe error, but I admit the case law is not Good on the rest of your question. I believe that your your cases clearly state we can go beyond the trial record I'm not trying to convince you that my client doesn't have a long list of sentences some of which did exceed one year So you think the cases say that you can go beyond the trial record at one particular? Step of the plane air analysis or what do you think is the right answer regardless of the cases? Well, I guess The way I think it should come out is that it's a structural error that there's a problem in the way that you instruct The jury and they can't they don't know All of the required elements and that that should be how you decide whether it's error But your cases would say I think I'm especially on that fourth Requirement in Olano that it just doesn't affect substantial rights because it all would have come out in the wash Anyway, I'm pretty sure that's what your cases say and if I could convince you they didn't I would try but No, okay. Thank you for that Thank you for that. Go ahead. If you had any more you wanted to say about the instruction I wanted to make sure we covered rehave. Yeah, I mean, I guess I just I just want to reiterate that that I Understand there's cases that say, you know, the other instructions can make up for a theory of defense instruction, but I don't think that's the preferred way of doing it it's usually a Situation where the jury is confused and because of the jury instruction the question Specific to the defendants defense in this case. I don't think they were clear enough and I think there was still error And I'll say the rest of my time for about Very well, thank you for your argument Mr. Rowell, we'll hear from you Thank you, my name is Kelly Sorella and I represent the Apple II the United States of America as Miss Gilda explained. Mr. Gilmore was encountered by law enforcement on April 9th 2017 during a traffic stop He was the front passenger law enforcement observed him moving around in his seat as you if they approached They also observed the odor of marijuana and so they searched the vehicle and in the center console They located the 22 caliber Smith and Wesson handgun, which mr. Gilmore immediately claimed as his own and At the time he was then a nine-time convicted felon Nonetheless, mr Gilmore eventually took the charge of felon in possession to trial and at trial his defense was that he did not know about The gun in the car and he only lied to protect the driver The instructions he now raises two issues The error related to the jury instruction on knowledge and then now the rehab issue as to the knowledge of his status The government's position there is there was no error as the judge correctly instructed on the elements correctly instructed on the definition of Constructive possession and then when there was a question as to whether you had to know that the thing was there under constructive Possession the judge gave them the jury that the answer on that question was yes So the jury instructions more than adequately Covered the defense's theory of the case, which was essentially just that the elements weren't met in this case They were thoroughly instructed that the government had the burden on every element Thoroughly instructed that the elements included knowingly possessing a firearm they were instructed on the proof required for knowledge or intent and again the meeting of constructive possession and clarified that yes knowledge is required for the Constructive possession there was nothing wrong with the defense instruction though, right counsel Your honor the the trial judge found issue in that it was a little directive and argumentative and I think that that is Essentially restating instructions that were given which were accurate statements of the law It was restating them but in a more argumentative type of way and the case law Has been clear that you're not entitled to an instruction that just restates what's already been stated but in an argumentative sort of way So I would agree Redundancy not in inaccuracy, right? Yes Redundancy and and perhaps that slant that the judge didn't want to give but wanted to remain more neutral But the redundancy and that the law was already covered but not that they were inaccurate in what they stated And This court brought up Christy. I think there are several cases Chapman following after I think 2014 again where similarly There was a request for a theory of defense instruction but if the district court were affirmed and denied that instruction where the theory of defense was accurately and abundantly covered by the jury instructions and Further that the trial counsel was allowed to argue that and in this case. There's really no way to Suggest that the jury would not have been We couldn't be sure that they would consider the defendant's defense Because the defendant's defense was simply that the elements weren't met And in fact, we know that they considered it because they asked the question I'm following up related to the element of knowledge, which was specifically what the theory of defense was So we know that they considered his defense and then that question was Correctly answered by the trial court that they that knowledge was required As To the the second issue of knowledge of his status again, the defendant can't satisfy the Elements in three and four of the plain error test that there's a reasonable possibility that but for the error They outcome would have been different. This defendant was a nine-time convicted felon with multiple prison sentences Including he had been recently released on parole for a felony conviction just the year prior And have served time on that case and he admitted as much to law enforcement And we know those things based on in parts on a motion in limine from the defense to exclude all of that evidence Which was granted in a stipulation was agreed to And I do think Miss Sorrello, do you think analytically that information is relevant under the substantial rights prong of the plain error review? or only under the Fourth prong about miscarriage of justice In other words, in other words when we're deciding whether a trial error a bad instruction like this Affected the defendant's rights Are we limited to looking at the evidence at trial? Your honor I don't think that we're limited to looking at the evidence at trial and I believe it's footnote three in the government's Addresses the case law young from the Supreme Court allowing you to look at the entire record and as far as I can tell as far as the third Element or prong versus the fourth the cases that I've read sort of seem to blend them together And I think it almost in sort of a circular way that in order, you know for his substantial rights to be affected I just as far as I could tell it was difficult to parse those apart But I do think that if we were analytically looking at them The fourth element is that the one where it is most applicable whether or not he could show that but for that error there would be a Probability of a different outcome. Well, that's That's the third element and the argument would be That because there was no evidence in the trial to show his knowledge of his felon status There is a reasonable probability of a different outcome if the instruction had been correct But the government might argue Well given that there's other information in the record as a whole that makes it obvious that he knew and Could have been admitted at trial if we'd known it was important Then it would not Undermine the reputation of judicial proceedings to leave this conviction in place I'm just wondering whether that's how we should look at it versus The third prong that you were suggesting, but maybe that's a rhetorical question. I think Judge Williams had a question Judge Colton you're right on where I was going with it as well I agree that the case law tends to meld the third and fourth prongs a lot but That was exactly the point I was going to make I think analytically it makes sense on the fourth prong more but One good view on that. Mr. Ella No, I guess I thought I don't really have a view other than to say that As you're saying yes, I mean technically There was no evidence offered at trial. However, I think in this case It's abundantly clear that that had anyone been aware that that element that evidence was relevant It would have either been stipulated to in order to avoid the abundant evidence on that issue Or that evidence would have been brought in. I think that that's especially clear here where the defense specifically requested to keep out prejudicial statements by the defendant has to his knowledge so To the extent that that that's part of the trial record in insofar as we know what evidence it's almost a proper I would suggest as to what the evidence would have been Had the government been permitted to put that on had anyone felt that that government that evidence was necessary to introduce in this case So more so even than other cases where you're just looking at A sentencing record or something to that effect to see what the evidence would have been I think in this case, it's we essentially have an offer of proof of what that evidence would have been Counsel can you tell from Holland shed or Warren what this court believes about that? My interpretation My interpretation from Holland shed was that essentially well And perhaps perhaps I'm interpreting incorrectly but that when we get to We satisfy the first Two and then when we get to elements three and four that were sort of blended together again I guess that that's sort of my interpretation is that we need to consider them in conjunction with each other because One affects the other so perhaps I'm interpreting it wrong but I interpreted calling shed in line with the other circuits that have sort of blended those two and Enable unable to tell the third account before And you know, there are some that have been very clear it's the boy you're aware of that I bet Yes, I I have read those opinions and and I think there's a variety of ways to If there are if there are no additional questions, I would just ask this court to affirm the judgment of the trial court Thank you All right. Thank you for your argument It's killed. We'll hear from you with any rebuttal You know, I I just want to I guess take a look at direct the court's Attention to the actual jury instructions, which I think you really have to stretch to say they're very argumentative Especially compared to some of the other proposed jury instructions that you see in Eighth Circuit cases Mr. McWilliams my colleague who did the trial wanted to add to the model jury instruction one sentence That says to have this intention the intention to control an object a person must know They have the power to exercise Dominion or control over a thing that is they must be aware of its existence and be able to exercise dominion and control over it It's not very argumentative then we get to the What you wanted to How he wanted to answer the jury question his proposal is knowledge is required to establish constructive possession Constructive possession requires knowledge of presence plus control a defendant's proximity to contraband does not establish constructive possession When he is unaware of his presence That doesn't come anywhere close to arguing. I think in the way that Some of the other cases that discuss theory of defense instructions Do argue and again, it's correct statement of the law. It was given in a timely fashion and it directs the court to his defense which This court permits and even says should those instructions should generally be given. So with that I would just ask that you Reverse the decision of the district court because of the erroneous instruction and allow mr. Gilmore to have a new trial All right, thank you for your argument, thank you to both counsel The case is submitted and the court will file an opinion in due course That concludes the